DAVID JOHNSON CO., INC. *v.* BASILE.

[No. 19,756. Filed June 25, 1964. Rehearing denied July 21, 1964. Transfer denied January 20, 1965.]

*William L. Travis* and *Joseph E. Tinkham,* of Hammond, for appellant.

*Walter Nowicki, Edward J. Raskosky* and *George Kohl,* all of Hammond, for appellee.

CARSON, J.—The action below was for personal injuries alleged to have been suffered by the appellee as a result of an accident involving the appellant's truck driven by the agent and servant of the appellant. The case was tried by jury and a verdict returned for the appellee in the sum of $16,000.00 upon which consistent judgment was rendered in favor of the appellee. The appellant filed its motion for new trial which was overruled on the 16th day of October, 1961, and the appeal was taken on this court.

The appellant waived specifications numbers three, four and five specifically and by failure to include and cogently argue or present authorities waived specification number eight.

Specifications numbers one and two deal with instructions numbers seven and eleven given for the appellee. Instruction number seven reads as follows:

"If you find from a preponderance of the evidence relative thereto that the plaintiff sustained any injuries and resulting damages as alleged in her complaint, and that the defendant was guilty of any negligence as charged in the complaint which was a proximate cause of such alleged injury and resulting damages to plaintiff, then the plaintiff would be entitled to recover from the defendant for such resulting damages if the plaintiff herself was not guilty of any negligence proximately contributing to her own injury."

The appellant argues that this instruction is erroneous for the reasons that:

a. it was mandatory in form;

b. used the phrase, "a proximate cause", instead of, "the proximate cause";

c. implies that the plaintiff did sustain injuries;

d. omits the element of pure accident.

The use of the word, "would", does not make this a mandatory instruction. The word, "would", has been held to express merely a possibility or a contingency. *Landry* v. *Steamship Mutual Underwriting Ass'n.*, 177 Fed. Sup. 142, 147. Certainly it does not make the instruction under consideration mandatory in character.

In the case of *Cousins* v. *Glassburn* (1940), 216 Ind. 431, 439, 24 N. E. 2d 1013, our Supreme Court said:

"To establish the defense of contributory negligence it is, therefore, not necessary to show that the plaintiff's negligence was the sole proximate cause of the injury but only that it was a concurring or co-operating proximate cause." See also *Koeneman* v. *Aldridge* (1954), 125 Ind. App. 176, 192, 122 N. E. 2d 345.

We feel that the instruction given fairly stated the law applicable to the facts in the case before us and

the objection of the appellant to the use of the article "a", rather than the article, "the", does not make this an erroneous instruction.

In specification number two the appellant assigns as error the giving of plaintiff-appellee's instruction number eleven. This instruction referred to the question of damages to be considered by the jury. In appellant's motion for new trial no assignment is made that the verdict of the jury is excessive. This is a fatal omission and therefore no question is presented for our consideration under this assignment. *City of Terre Haute* v. *Webster* (1942), 112 Ind. App. 101, 40 N. E. 2d 972, affirmed in *Pennsylvania R. Co.* v. *Sargent, Admrx.* (1949), 119 Ind. App. 195, 83 N. E. 2d 793.

Specification six and seven may be considered together and assign the refusal of the court to give appellant's tendered instructions fourteen and eighteen. From an examination of the instructions given by the court, and the instructions requested by both the appellant and the appellee given by the court, we conclude that the instructions taken as a whole fully and completely charge the jury with the law applicable to the issues and the evidence. Where it is apparent that the right result has been reached by the jury, and the giving or refusal of a particular instruction did not mislead the jury or prejudice the rights of the parties, no reversible error exists. 5 West's Indiana Digest, *Appeal & Error*, Key 1068.

The appellant and appellee treat specifications nine and ten of appellant under one argument in their briefs. It is not necessary for us to discuss the question of the use of the blackboard and mathematical computations thereon in the appellee's closing argument to the jury because the appellant failed

to properly reserve the question of the propriety of such argument for consideration by the court. The appellant objected to the type of argument used by appellee's counsel and requested that the method of computation fixing the amount of damages, "be withdrawn from the submission of the jury and the jury instructed to disregard it." The court overruled the objection and motion and appellant's counsel requested an exception. The record does not disclose that following the court's refusal to give the requested instruction, the appellant made any showing to the court why the harm done could not be cured nor did appellant file a motion to set aside the submission of the case to the jury. Under the decisions of this Court and the Supreme Court such procedure is necessary to preserve this question for the record. The Supreme Court in the case of *Ramseyer, Exr.* v. *Dennis* (1917), 187 Ind. 420, 116 N. E. 417, affirmed by many later decisions and by this Court in the case of *Lawson* v. *Cole* (1953), 124 Ind. App. 89, 115 N. E. 2d 134, said:

" . . . '(1) To promptly interpose and state their objection, if reasonably required, to the objectionable language or argument, and request the court to so instruct the jury as to counteract any harmful effect of such language or argument, and if granted, and such instruction was not sufficient to cure the error, follow such action by a motion to have the submission set aside; (2) to promptly object to the improper language or argument of counsel, and move to set aside the submission, stating reasons why the harm done could not be cured by any action the court might take in the matter.' . . . "

For the reasons hereinabove set out the judgment is affirmed.

Judgment affirmed.

Cooper and Ryan, JJ., concur.

While Judge Clements participated in the hearing of the oral argument and conference of the Judges above-named, he concurred in the result at the time of the conference but did not participate in the adoption of this final opinion.

NOTE.—Reported in 199 N. E. 2d 478.