BASSEMIER *v.* SARTORE, BY HIS NEXT FRIEND.

[No. 19,592. Filed September 21, 1964. Rehearing Denied October 19, 1964. Transfer Denied March 16, 1965, with opinion reported in 205 N. E. 2d 160. Rehearing on Petition to Transfer Denied April 19, 1965.]

142

*Bamberger, Foreman, Oswald* and *Hahn*, of Evansville, for appellant.

*John H. Jennings*, and *Harold M. Wilson, Jr.*, of Evansville, for appellee.

CARSON, J.—This action comes to us on appeal from the Vanderburgh Probate Court of Vanderburgh County. The plaintiff-appellee filed suit against the defendant-appellant to recover damages for personal injuries allegedly sustained by the appellee while riding as a guest and non-paying passenger in an automobile owned and operated by the appellant. The case was tried by jury resulting in a verdict for the plaintiff in the amount of $25,000.00 upon which the court rendered consistent judgment.

The complaint charged in substance that the appellant was guilty of certain acts of wanton misconduct in that: (a) he wantonly operated his automobile at a high and dangerous rate of speed in excess of 80 miles per hour and refused to heed appellee's admonition; (b) he wan-

tonly failed to drive at an appropriately reduced speed when approaching an obstruction in the highway; (c) he wantonly failed to apply the brakes until he was within a few feet of the obstruction; (d) he wantonly failed to maintain a lookout; (e) he wantonly failed to have any control over the operation of the automobile. That a collision resulted and as a result of the collision the appellee suffered permanent crippling and disfiguring injuries and intense pain and mental anguish.

To this complaint the appellant filed a partial demurrer which was overruled and then a general demurrer which was overruled and then an answer under Rule 1-3 of the Supreme Court of Indiana.

Following the return of the verdict and judgment of the court the appellant filed a motion for new trial specifying: 1, the verdict of the jury is not sustained by sufficient evidence; 2, the verdict of the jury is contrary to law; 3, the damages assessed by the jury are excessive; 4 and 5, generally that the court erred in refusing a peremptory instruction directing a verdict in favor of the defendant at the conclusion of the plaintiff's evidence; 6 through 15, inclusive, to the effect that the court erred in refusing to give instructions withdrawing sections of the plaintiff's complaint from consideration of the jury; 16 through 27, inclusive, that the court erred in refusing to give to the jury at the conclusion of all of the evidence instructions tendered by the defendant withdrawing from the consideration of the jury parts of the plaintiff's complaint; 28, that the court erred in refusing to give defendant's preliminary instruction number 1 as modified by the court, which instruction as tendered based liability under the guest act on the proposition of wilful or wanton misconduct, which instruction the court amended by striking out the words, "such wilful or"; 29 through 34, to the effect that the court erred in giving instruc-

tions tendered by the appellee; 35, that the court erred in giving instruction number 6 on the court's own motion; 36 through 52, that the court erred in refusing to give certain instructions requested by the defendant; 53 through 67,* and 69 through 73, that the court erred with respect to certain questions asked by counsel for the appellee, to which questions counsel for the appellant objected and which objections were overruled and answers given; 74 through 77, to the effect that the court erred in permitting counsel for the appellee to ask certain questions in such a manner as to constitute misconduct, and in overruling the appellant's motion to withdraw the submission of the cause from the jury, the overruling and denial of which motion appellant contends denied him a fair trial.

In the argument portion of appellant's brief he follows substantially the order of the errors set out in his motion for new trial, we note, however, that they did not argue many of the propositions and such failure thereby constitutes a waiver of such points. In considering the errors argued we shall follow the order of appellant's brief. The only error assigned is the overruling of the defendant-appellant's motion for new trial. The numbers hereinafter set out and designated as cause numbers, are those taken from the motion for new trial which the appellant discussed in the argument portion of his brief.

Cause number 1, the assignment that the verdict of the jury is not sustained by sufficient evidence does not in this case present anything for our consideration. The record contains evidence favorable to both the appellant and the appellee and is in conflict on several vital points, and it is not within our province to weigh conflicting evidence and substitute

*Note: The number 68 is omitted.

our judgment for that of the jury. *McKinley etc. et al.*
v. *Overbay* (1961), 132 Ind. App. 272, 177 N. E. 2d
389; *Stayner* v. *Nye* (1949), 227 Ind. 231, 234, 85 N. E.
2d 496.

Cause number 2, that the verdict of the jury is contrary to law presents to us the responsibility of determining whether or not, giving effect to the evidence most favorable to the appellee, and all reasonable inferences which might be drawn therefrom, reasonable minded men could not have arrived at the same decision. *Pokraka* v. *Lummus Co.*
(1952), 230 Ind. 523, 104 N. E. 2d 669.

The evidence in the case before us given by the disinterested witness, Loren Spencer, indicates substantially that the weather was clear and the road approaching the scene of the accident was dry; that the crest of the hill over which defendant-appellant's car passed was approximately a quarter of a mile from the scene of the accident; that it was possible to see everything on the highway; that there was a sign along the side of the road that was either a "slow" or "danger" sign; that when the high lift was raised and the dirt dumped off onto the truck there would be some dust but not enough to keep a person from seeing the roadway.

In the evidence of the plaintiff-appellee, he testified that he told the defendant-appellant that he was going too fast at 80 miles per hour and the defendant-appellant ignored the admonitions of the plaintiff-appellee.

In the testimony of the defendant-appellant he stated in substance that he did not remember exceeding the speed limit of 65 miles per hour; that he did not remember plaintiff-appellee calling his attention to the fact that he was driving 80 miles per hour; that when he came over the crest of the hill he saw dirt clods laying on the highway but he did not apply the brakes

for fear of skidding; that he did remember someone in the car saying, "You're going awfully fast, aren't you?"; that a mile and a half before the scene of the accident he had been warned at the time of passing another car; that after passing the car and going over the hill he entered a cloud of dust; that there was nothing to prevent him from seeing the sign, "men working".

David Morris, called as a witness for the defendant-appellant, testified in substance that he saw a red truck on the left hand side of the road and a red gravel truck on the right hand side of the road; that as they came through a curve in the road he observed the dust which was two or three blocks from the scene of the accident but the dust more or less went away.

Defendant-appellant's testimony is in conflict as to whether or not he applied his brakes before entering the dust or after the dust cleared and when he saw the truck.

Lawrence Sartore, a witness for the plaintiff-appellee, testified in substance to a conversation had with the defendant-appellant at the hospital following the accident; that Bassemier said he came over the hill and around the curve and got to the truck so fast he was unable to stop; that he didn't slow down because it was a slight curve and wasn't much of a bend; that he thought he was doing 70 or 75 miles per hour; further, that he put his foot on the brake but didn't apply the brake for fear of skidding; there was nothing to prevent him from seeing the "men working" sign but he did not see it; that he traveled 100 feet through the dust cloud before he applied the brakes.

From a careful examination of the evidence most favorable to the appellee, as set out in the appellant's brief, and all of the reasonable inferences that might be drawn therefrom it is our opinion that reasonable minded men would not have arrived

at a verdict different from that of the jury and that therefore the verdict of the jury was not contrary to law.

Cause number 16 claims error on the ground that the trial court refused to give defendant-appellant's peremptory instruction to the jury to return a verdict for the defendant at the conclusion of all of the evidence. It appears to us that the evidence being in conflict and there being some evidence in support of the allegations of the plaintiff's complaint, the court did not err in denying this request and it was proper for the case to go to the jury.

In cause number 18 through 27, inclusive, the defendant-appellant claims error on the refusal of the court to withdraw from the consideration of the jury the issues formed by paragraphs 1, 2, 3, 4 and 5 of rhetorical paragraph VI of the plaintiff's complaint. Issues were joined by the defendant-appellant by his answer filed, and there being some evidence for the jury to consider on these issues it was not error for the trial court to deny such request.

Cause number 28, the defendant-appellant claims error by the court in refusing to give his instruction number 1 as tendered and giving instruction number 1 as modified by the court. The instruction as modified by the court was in our opinion proper. In the case of *Brown* v. *Saucerman* (1957), 237 Ind. 598, 145 N. E. 2d 898, our Supreme Court said in a concurring opinion by Judge Achor at page 618:

> "At the outset, we note that the words "wanton *or* wilful" are used in the disjunctive. Therefore, in order that a driver of a vehicle be liable in damages to his guests, it is only necessary that his misconduct be *wanton*. Consequently, although his misconduct must be more than negligent or reckless, it need not be wilful, in that it is malicious, intentional, perverse or deliberate."

The court was therefore correct in striking out the words, "such wilful or".

Cause number 29, the defendant-appellant assigns as error the giving of plaintiff's instruction number 1 on the grounds that this instruction does not cover contributory wanton misconduct and that since it is a mandatory instruction it must cover all elements of the case. This assignment is not valid for the reasons that the instruction is not mandatory, the court having used, "your verdict in such case *may* be for the plaintiff", (Our emphasis), and further, instructions subsequently tendered by the defendant-appellant and given by the court cover the subject of contributory wanton misconduct.

Cause number 30, the defendant-appellant assigns as error the giving of instructions number 3 tendered by the plaintiff-appellee. This instruction recited the statute of the State of Indiana with respect to speed regulations, and while it did contain some paragraphs of the statute not specifically applicable to the issues in the case, again the court indicated that the jury's verdict, "may be for the plaintiff", and in our opinion such instruction was not misleading.

Cause number 31, the defendant-appellant assigns as error the giving of plaintiff-appellee's instruction number 4 and contends that such instruction is not a correct definition of wanton misconduct. As we read that instruction it is our opinion that the definition is correct, and was within the issues and evidence, and did not mislead the jury. *Brown* v. *Saucerman*, supra.

Cause number 33, the defendant-appellant assigns as error the giving of plaintiff's instruction number 6 on the question of damages. The main element of defendant-appellant's objection being that there were no averments in the complaint on special

damages covering the possible loss of earnings from the time the plaintiff-appellee was 21 years of age. We think this issue was raised by the allegations of the plaintiff's complaint and was supported by evidence in the case.

Cause number 34, defendant-appellant assigns as error the giving of plaintiff's instruction number 2A. This instruction left to the consideration of the jury the matter of some act of negligence on the part of the deceased flagman of the State Highway Department, and instructed the jury that if they found such negligence, it would not relieve the defendant-appellant of liability if they found him guilty of one or more acts of wanton misconduct, which, ". . . was the, or a, contributing proximate cause of the plaintiff's injuries . . .". Such instruction in our opinion was a correct statement of the law and did not mislead the jury, it left for the jury to find as a fact whether or not the defendant-appellant was guilty of some act of wanton misconduct regardless of some act of negligence of a third party.

Causes number 39, 41, 42 and 45, the defendant-appellant assigns as error the refusal of the court to give defendant's instruction numbers 7, 12, 14 and 19. We think the subject matter of these instructions was adequately covered by the instructions given, and considering the charge as a whole the jury was fairly and fully instructed in this case.

Causes number 53, 54, 55 and 57, are directed to objections made by the defendant-appellant to questions asked by plaintiff-appellee's attorney, which objections were overruled and the witness permitted to answer. In examining these we find that the objection was of such general nature as not to preserve a question for our consideration on appeal, or the evi-

dence given was covered by other evidence in the cause and was merely cumulative and harmless. It has long been the law in this State that an objection must be specific and must state in definite terms the grounds on which it is based or it does not present a question for our consideration. *Craig, Exrx.* v. *Citizens Trust Company* (1940), 217 Ind. 434, 26 N. E. 2d 1006; I.L.E., Appeals, §591.

Causes number 59, 63, 64 and 65 are grouped by the defendant-appellant and we shall so consider them. There is no doubt that the questions asked by plaintiff-appellee's attorney were leading in form and suggestive. We again note that the substance of the evidence was already before the jury, that nothing of a prejudicial nature resulted from the answer to the questions and that the error, if any, was harmless. The rule was well stated in *Chicago, etc., R. Co.* v. *Pacheco* (1932) 94 Ind. App. 353, 361, 181 N. E. 7, where the court said:

> "While it is not in the province of this court to weigh the evidence, nevertheless, when we come to consider errors committed in the admission or exclusion of evidence, we would hesitate to set aside a verdict of a jury in a case where there was an abundance of evidence to support a verdict even though certain evidence was improperly excluded."

We think the same rule applies with respect to the admission of evidence in answer to leading questions where substantially the same evidence is already before the jury.

Cause number 60 contains the defendant-appellant's objection to a question on the ground that it assumed the existence of testimony not in the record. The objection was well taken, however, we think the error was harmless and for us to reverse this cause on the basis of this objection and the court's rul-

ing thereon would be to disregard the intelligence of the jury. We further call attention to the fact that the answer given was cumulative of testimony already in the cause.

Cause number 70, the same point applies to this assignment as is discussed under the previous paragraph.

Cause number 72, the defendant-appellant assigns as error the court's ruling on an objection to a question asked by plaintiff-appellee's counsel, and as pointed out before we think the objection was too general.

Causes number 61 and 66 set out objections to questions asked by the attorney for the plaintiff-appellee. The questions could certainly have been better worded and would have brought out the answers which the plaintiff-appellee was seeking. We think however that the trial court having control of the proceedings before it certainly could not have been found to have committed prejudicial error by its ruling on these objections.

Cause number 62 contains objections to questions asked by plaintiff-appellee's attorney with respect to plaintiff-appellee's attempts to get jobs and the objections pointed out that there was no allegation in the complaint covering loss of wages. From an examination of the complaint we think the allegations of rhetorical paragraph VII do present an issue and that therefore the evidence was admissible.

Cause number 73, again we call attention to the fact that "We object to that." and "It is improper examination." are too general to present any question for our consideration on appeal.

Causes number 74, 75, 76 and 77, are objections by

the defendant-appellant to questions asked by plaintiff-appellee's attorney on cross examination of the ■ defendant, which the defendant-appellant claims were misconduct on the part of plaintiff-appellee's counsel and which defendant-appellant claims prejudiced the defense to the extent that the defendant-appellant was deprived of a fair trial. We have carefully considered the appellant's objections to the questions asked by appellee's counsel which the appellant contends were misconduct, and which were the basis of appellant's motion to withdraw the submission of the cause to the jury. While we feel that the conduct of the trial is within the sound discretion of the trial judge who is present in the courtroom and has an opportunity to observe the conduct of witnesses and of counsel, and its effect upon the jury, we nevertheless think that the conduct of plaintiff-appellee's counsel in this case was highly reprehensible and that he should have been admonished by the court. An examination of the record however discloses that counsel for the defendant-appellant did not request an instruction from the court telling the jury to disregard the conduct of counsel. The failure of defendant-appellant's counsel to request such an instruction leaves no question for our consideration in this appeal on appellant's assignments 74 through 77. We think the rule was well stated in the case of *Ramseyer, Exr.* v. *Dennis* (1917), 187 Ind. 420, 440, 116 N. E. 417, which was affirmed by this court in *Lawson* v. *Cole* (1953), 124 Ind. App. 89, 115 N. E. 2d 134, and recently in the case of *David Johnson Co.* v. *Basile* (1963), 136 Ind. App. 611, 199 N. E. 2d 478, in which case the court said:

". . . .'(1) To promptly interpose and state their objection, if reasonably required, to the objectionable language or argument, and request the court to so instruct the jury as to counteract any harmful effect of such language or argument, and if granted, and such instruction was not sufficient

to cure the error, follow such action by a motion to have the submission set aside; (2) to promptly object to the improper language or argument of counsel, and move to set aside the submission, stating reasons why the harm done could not be cured by any action the court might take in the matter.'...."

Cause number 3, defendant-appellant argues the last proposition that the damages assessed by the jury are excessive. In reviewing the evidence which was before the court and which is set out in defendant-appellant's brief we feel that the jury's verdict of $25,000.00 was adequately sustained. This court will disturb a verdict under such an assignment as we have here only when the amount thereof is so great as to convince the Appellate Tribunal that it was arrived at as a result of prejudice, passion or partiality and that the jury was influenced by improper elements in its consideration of the subject of damages. We fail to find such error in this case. *Hahn et al.* v. *Moore* (1956), 127 Ind. App. 149, 133 N. E. 2d 900; *Jackson Hill Coal, etc., Co.* v. *Bales* (1915), 183 Ind. 276, 108 N. E. 962.

From a review of the entire record in this case it appears to us that the case was fairly and fully tried and that the jury reached a fair result and its verdict should not be disturbed.

Judgment affirmed.

Cooper and Ryan, JJ., concur.

Clements, J. did not participate.

NOTE.—Reported in 201 N. E. 2d 285. Transfer denied in 205 N. E. 2d 160.