## UHLMAN *v.* JOHNSON ET AL.

[No. 20,237. Filed October 5, 1965.]

*Walter B. Keaton,* of Rushville, *Robert C. Riddell* and *Locke, Reynolds, Boyd & Weisell,* of Indianapolis, for appellant.

*Richard K. Ewan, William Hill Turner* and *Turner & Richards,* of Lawrenceburg, for appellees.

CARSON, J.—This case comes to us on appeal from the Dearborn Circuit Court. The action involved personal injuries to Velma Johnson a minor while she was riding as a gratuitous guest in an automobile operated by the appellant. The case was tried by a jury and the

jury rendered a verdict for the plaintiff-appellee in the sum of $5,000.00 upon which the court entered a consistent judgment.

The defendant-appellant filed a motion for new trial setting up three specifications which are as follows:

"1. The verdict of the jury is not sustained by sufficient evidence.

2. The verdict of the jury is contrary to law.

3. Error of law occurring at the trial in that the Court erred in overruling defendant's motion, made at the close of all the evidence, to instruct, the jury to return a verdict for the defendant, Virginia Uhlman."

The motion for new trial was overruled and the court's action in overruling the motion for new trial is assigned as error.

The evidence in the trial below was in conflict and this court has repeatedly held that it will not weigh the evidence. Assignment number 1 in the defendant-appellant's motion for new trial therefore presents no question for consideration. This court said in *Bassemier* v. *Sartore* (1964), 137 Ind. App. 139, 201 N. E. 2d 285, at page 287:

"The record contains evidence favorable to both the appellant and the appellee and is in conflict on several vital points, and it is not within our province to weigh conflicting evidence and substitute our judgment for that of the jury. McKinley etc. et al. v. Overbay (1961), 132 Ind. App. 272, 177 N. E. 2d 389, *Stayner* v. *Nye* (1949), 227 Ind. 231 85 N. E. 2d 496."

The specification that the verdict of the jury is contrary to law requires us to apply the test set out by our Supreme Court in the case of *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669.

"It is only where the evidence is without conflict

and can lead to but one conclusion, and the trial court has reached an opposite conclusion, ■ that the decision of the trial court will be set aside on the ground that it is contrary to law."

This case was affirmed in *Hinds, Executor, Etc.* v. *McNair et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553.

Considering the evidence most favorable to the appellee we find the following statements by Mrs. Uhlman who was the defendant below:

"A. Well, we were just driving along and my right hand wheel got off on the—there was about a half a foot where the highway left off and they didn't have that filled in and my right front wheel got off on that, and that's where it starts into the jog, and I tried to get it back onto the highway and I got back into the middle of the road, and I tried to turn the wheel to keep it in the middle and it went into a skid on me and skidded sideways down the road.

Q. And what speed were you going, if you remember, immediately prior to coming into that curve?

A. I went approximately, at all times on the road, between sixty and sixty five."

Cross examination of Mrs. Uhlman:

"Q. Now Mrs. Uhlman, you do remember seeing a sign saying—'Road Under Construction— Travel at Your Own Risk', don't you?

A. As you leave Milan coming onto the highway when it first started there was a sign that had been there all the time before.

Q. What do you mean—'It had been there all the time'?

A. Well, it has.

Q. How long had it been there?

A. I don't know.

Q. Well, it was there that night, wasn't it?

A. It was there that night.

A. And you don't of your own knowledge know how long it had been there, do you?

A. No, I had only been over the road once before."

.     .     .     .     .

"Q. Well, you saw the sign though, didn't you?

A. Yes, I saw the sign.

Q. And where you went off the road the road wasn't completely constructed, was it?

A. No."

.     .     .     .     .

"Q. And how many beers did you have, if you remember?

A. I had ordered three but I only drank two and a little out of the third one.

Q. So you had two and a very small amount out of the third bottle?

A. Yes sir."

Cross examination of Velma May Mockaby:

"Q. Uh-huh. Now how far ahead of where this bad place was did you tell Mrs. Uhlman to look out for that curve?

A. About a mile ahead?

Q. A mile ahead?

A. Uh-huh."

Direct examination of Judy Dinsmore:

"Q. Down on State Highway No. 350. Now when you were on State Highway No. 350 how fast was Mrs. Uhlman driving?

A. I would say between eighty and eight five.

Q. And did you at anytime ask Mrs. Uhlman to slow down?

A. Yes, I did.

Q. Did anyone else in the car ask her to slow down?

A. Yes.

Q. Who else asked her?

A. Velma and Mrs. Johnson.

Q. And what did Mrs. Uhlman say?

A. She said she had good tires on the car and that she had drove in the city before.

Q. And she kept on at that rate of speed?

A. Well, when Mrs. Johnson asked her to slow down she slowed down about five miles but that was about all, because I know when I looked at the speedometer it was about eighty.

Q. You saw the speedometer?

A. Yes because I leaned over Mrs. Johnson's shoulder.

Q. All right. Now Judy, what happened next?

A. Well, we were listening to the song Waterloo on the radio and she reached over to turn it up so we could hear it better and we went off the right side of the road and then we went over to the left and we hit that concrete thing on the side of the road, or something, and hit the utility pole, and I know I was knocked out of the car and when I came to everybody else was unconscious and I was up walking around.

Q. Well now, after you came to and you were up walking around, did Mrs. Uhlman say anything directly to you?

A. No.

Q. Did you hear her say anything to anyone else?

A. Yes.

Q. What did she say?

A. Well, there was some man helping her to sit up off the ground and she said she would never take another drink as long as she lived."

From our review of the evidence and having applied the rule of the Pokraka case, and the Hinds case, it is our opinion that this case was fully and fairly tried and that the jury arrived at a just verdict. Since there was a conflict in the evidence, the third error of law namely, the overruling

by the Court of the defendant-appellant's motion at the close of all the evidence to return a verdict for the defendant was not error in our opinion and the judgment should be affirmed.

Judgment affirmed.

Prime, P.J. and Faulconer, J. concur.*·

Wickens, J. not participating.

NOTE.—Reported in 210 N. E. 2d 442.