KOSANOVIC v. IVEY.

[No. 567A7. Filed April 8, 1968. No petition for rehearing filed.]

*George Krstovich* and *David P. Stanton*, of Gary, for appellant.

*Paul Reed*, of Knox, for appellee.

BIERLY, J.—This action was commenced by appellant (plaintiff below) to recover for medical expenses, loss of services and consortium of his wife, as a result of a rear-end automobile collision, caused by the alleged negligence of appellee (defendant below).

Mention has been made of another verdict in a companion case which was tried with this action, but we find nothing in the record relating to such verdict; therefore, we shall not consider it in this appeal.

Appellant's sole assignment of error is the trial court's action in overruling his motion for a new trial.

Appellant's first specification in his motion for a new trial is that the decision is contrary to law. In the case of *Hinds, Executor Etc.* v. *McNair, et al.* (1955), 235 Ind. 34, 41, 129 N. E. 2d 553, it was stated that;

> "If the undisputed evidence entitles the one who has the burden of proof to a verdict which has been denied him, such verdict is contrary to law. To determine this question we may consider only the evidence most favorable to the appellees, together with all reasonable inferences which may be drawn therefrom.
>
> " 'It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law.' *Pokrakas* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669."

The evidence in this case shows that the collision occurred on a private driveway of the United States Steel Corporation in Gary, Indiana. As appellee rounded a curve the sun blinded him and he immediately applied his brakes and turned his car to the right to get it out of the line of traffic. He had been traveling about 15 miles per hour and at the moment of impact he was going 5 miles per hour. His left front fender struck the right rear fender of the car of appellant's wife. Damage to the cars was slight.

We are of the opinion that this evidence cannot lead to but one conclusion, therefore, we find no error in this regard.

A portion of the appellant's motion for a new trial which is supported by argument on this appeal deals with the question of damages.

Since the jury found against the plaintiff on the issue of liability, any error found to exist in regard to damages would be harmless. See: *Chestnut* v. *Southern Indiana R. Co.* (1901), 157 Ind. 509, 62 N. E. 32; *Adkins* v. *Poparad* (1943), 222 Ind. 16, 51 N. E. 2d 476.

The remainder of appellant's argument deals with three instructions tendered by appellant, which were modified by the trial court and given to the jury. However, it appears that appellant made no objection to the modification or to the giving of these instructions, therefore, he has waived any error in this regard; Rule 1-7 of the Supreme Court. In any event the modifications made by the trial court did not substantially deviate from the instructions as tendered, and the instructions, taken as a whole, properly and fairly instructed the jury on the law involved.

For these reasons, we are of the opinion that the judgment of the trial court should be affirmed.

Judgment affirmed.

Cook, P. J., Pfaff and Smith, JJ., concur.

NOTE.—Reported in 235 N. E. 2d 501.