GREYHOUND LINES, INC. v. LOMAN

[No. 20,563. Filed October 10, 1968. No Petition for Rehearing filed.]

*Robert S. Smith, David A. Steckbeck, Charles T. Bate, John H. Douglas,* and *Smith & Steckbeck,* of counsel, of Indianapolis, for appellant.

*Robert H. Orbison,* and *Baker & Orbison,* of counsel, of Indianapolis, for appellee.

CARSON, C. J.—This case comes to us on appeal from Superior Court of Marion County, Room No. 2. The action below was instituted by plaintiff-appellee's complaint against the appellant to recover damages for personal injury alleged to have been sustained by plaintiff-appellee while riding as a fare-paying passenger on defendant-appellant's bus. The injury is alleged to have occurred as a result of the collapse of a seat in which the appellee was sitting. The plaintiff-appellee's complaint was in two paragraphs; the first paragraph alleging certain actions of specific negligence which proximately caused the injuries to the appellee; and the second paragraph charging that the appellant had exclusive care and mangement of the bus and its equipment, including the seat which the plaintiff-appellee was occupying and pleads the doctrine of *res ipsa loquitur*. To the plaintiff-appellee's two paragraphs of complaint, the appellant filed answer in two paragraphs; one, denying the allegations in paragraph one of the complaint, and the second paragraph denying the allegations contained in paragraph two of the appellee's complaint.

There was a trial by jury which returned a verdict for the appellee on paragraph one of plaintiff-appellee's complaint in the amount of $10,000.00 on which the court rendered consistent judgment.

Following the judgment of the court, the appellant filed a motion for a new trial, which was overruled by the court, without hearing any evidence on supporting affidavits filed with the motion or hearing or requiring the submission of counter-affidavits. Subsequently, the defendant-appellant filed a motion to reconsider the overruling of the motion for a new trial for the reason that the Rules of the Supreme Court, specifically Rule 1-15, had not been followed. After hearing, the appellant's motion to reconsider was overruled.

During the course of the pleadings, the defendant-appellant filed a consolidated motion to strike and motion to make more specific which were overruled by the court; thereafter, the defendant-appellant filed a demurrer which demurrer was overruled by the court. It should be pointed out, at this time, that the demurrer was in two paragraphs; the first being a partial demurrer to paragraph one of the complaint and specifically to subparagraph C of rhetorical paragraph five, and the second paragraph of demurrer, to the second paragraph of the plaintiff's complaint. The demurrer was overruled and following this action, the defendant-appellant denied the allegations in each of the rhetorical paragraphs of paragraph one of the plaintiff's complaint and for answer to paragraph two denied each of the rhetorical paragraphs of paragraph two of the plaintiff's complaint.

The defendant-appellant filed a motion for a directed verdict at the conclusion of the appellee's evidence which motion was overruled and renewed its motion at the close of all evidence, which motion was also overruled.

The defendant-appellant's motion for a new trial contained seven (7) grounds which we shall summarize at this point and then discuss more specifically as the points require.

1. Charged the court with error in overruling the defendant-appellant's consolidated motion to strike and make more specific and in overruling the defendant's demurrer to each of the paragraphs of the plaintiff's complaint and in re-

fusing to sustain the plaintiff's motion to strike certain interrogatories.

2. Misconduct of the prevailing party, setting out that the plaintiff's husband engaged in a conversation with a member of the jury in the hall at a noon recess.

3. That the defendant-appellant was taken by surprise which ordinary prudence could not have foreseen and guarded against with respect to the plaintiff-appellee's answers to certain interrogatories.

4. The damages assessed by the jury are excessive.

5. The verdict of the jury is not sustained by sufficient evidence.

6. The verdict of the jury is contrary to law.

7. Error of law occurring at the trial concerning the giving of instructions; specifically, in giving plaintiff's Instruction No. 15, over the objection of the defendant; the refusal to give Instructions Nos. 27, 28, 29 and 30, requested by the defendant; overruling the defendant-appellant's motion at the close of the plaintiff's evidence to instruct the jury to return a verdict; overruling defendant-appellant's motion at the close of all of the evidence instructing the jury to return a verdict for the defendant; *misconduct of counsel in permitting the counsel for the plaintiff to refer to the defendant as a "big, rich corporation who is building a new million dollar terminal here in Indianapolis"; and, in not admonishing the jury to disregard the statement and in not permitting counsel for the defendant to request the court to admonish the jury or set aside the submission and discharge the jury.*

In examining the record, we find that the appellant objected to the language used by plaintiff's counsel in closing argument; that the trial court ordered plaintiff's counsel to proceed with argument without ruling on said objection, and without permitting defendant-appellant's counsel an opportunity to make a proper record with regard to said objection.

The record further shows that the error complained of by the defendant-appellant, was contained in an affidavit in support of defendant-appellant's motion for a new trial which affidavit was not controverted by plaintiff-appellee.

The record further shows that the defendant-appellant's motion for a new trial was filed on the 30th day of December, 1965, and overruled by the court on the 3rd of January, 1966.

The record further shows that the court signed defendant-appellant's Bill of Exceptions No. 2, containing said language and the appellant's objections thereto.

We recognize that this court, in the case of *Bassemier v. Sartore* (1965), 137 Ind. App. 139, 201 N. E. 2d 285 (transfer denied) stated:

> "While we feel that the conduct of the trial is within the sound discretion of the trial judge who is present in the courtroom and has an opportunity to observe the conduct of witnesses and of counsel, and its effect upon the jury, we nevertheless think that the conduct of plaintiff-appellee's counsel in this case was highly reprehensible and that he should have been admonished by the court."

As heretofore pointed out, counsel for appellee was not admonished by the court nor do we find in the record that the court ruled on appellant's objection. In the pressure of the trial and the concluding arguments, the defendant-appellant never had an opportunity to prepare a proper record to present the question fully to this court on appeal.

We recognize that the rule stated in the case of *Bassemeier v. Sartore, supra,* is controlling where its application is proper, but feeling as we do in this case that counsel were not given an opportunity to make such record, it would not be proper to apply the rule in the case before us.

We, therefore, hold that the judgment herein should be reversed and the motion for a new trial sustained.

Judgment reversed.

Cooper, and Faulconer, J.J., concur.

Prime, J., dissents without opinion.

NOTE.—Reported in 240 N. E. 2d 560.