AUDREY CHAMBERLAIN AND MARTHA CHAMBERLAIN *v.*
DEACONESS HOSPITAL, INC.

[No. 874A126.  Filed March 3, 1975.  Rehearing denied April 10, 1975.
Transfer denied November 18, 1975.]

*Rodney H. Grove,* of Evansville, for appellants.

*William E. Stathem, Clark, Statham, McCray & Gowdy,* of Evansville, for appellees.

LOWDERMILK, J.—The complaint in this cause of action was filed in two paragraphs. The first paragraph was that of appellant, Audrey Chamberlain, for personal injuries sustained by him through the alleged negligence of the defendant, Deaconess Hospital, Inc. (Hospital), appellee. The second paragraph is the complaint of appellant, Martha Chamberlain, wife of her co-plaintiff, Audrey Chamberlain. In said second count the allegations of the first count are incorporated therein by reference and appellant, Martha Chamberlain, alleges she was damaged by loss of Audrey's services, society, companionship and consortium and for which she sought damages.

Appellant Audrey was admitted to the hospital for treatment for ulcers and his doctor required in his treatment a "24 hour urinalysis test" which required a period of 24 hours during which the patient voids into a urinal and transfers the urine into a gallon plastic jug containing hydrochloric acid. The evidence is in dispute as to whether the nurse properly advised Audrey on how to safely save the urine and pour it into the jug through a funnel.

Audrey, instead of voiding into the urinal, voided directly into the mouth of the jug and immediately the hydrochloric acid reacted, causing severe and painful burning of Audrey's penis, which resulted in a scarring thereof.

Audrey testified that at trial time he suffered pain upon urination or upon sustaining a partial erection, although burns had healed. He also testified that the injury created a psychological problem and caused him to be impotent. Extensive and conflicting expert testimony was presented by one psychologist and two psychiatrists on the cause of Audrey's impotency.

Trial was to a jury which found against plaintiffs on each paragraph of the complaint as amended and judgment was entered accordingly.

Specifications of the motion to correct errors relating to the verdict of the jury being contrary to law and contrary to the evidence were not argued on appeal and are deemed waived.

Appellants vigorously contend that the court erred in giving Hospital's tendered Instruction No. 3, to which appellants specifically objected.

Said tendered Instruction No. 3 is in the words and figures as follows, to-wit:

"The defense of contributory negligence is an issue in this case. Under the law of Indiana, both the plaintiffs and the defendant were under the duty of exercising reasonable care under the circumstances. If you find from a preponderance of the evidence that the plaintiff, Audrey Chamberlain, failed to exercise reasonable care, and that such failure contributed to the proximate cause of the accident, then I instruct you that the plaintiffs cannot recover in this case, even though you also find that the defendant, Deaconess Hospital, Inc., was guilty of negligence contributing to the proximate cause of the accident.

Therefore, if you find from a preponderance of the evidence, that the plaintiff Audrey Chamberlain was given instructions to be followed by him in the collection of his urine for the 24 hour urinalysis that was ordered by his physician, but that he failed to follow said instructions, and that the failure to follow said instructions constituted negligence which contributed to the proximate cause of his accident complained of in this case, then I instruct you that it would be your duty to return a verdict for the Defendant, Deaconess Hospital, Inc., in this case."

Chamberlain first contends that this instruction is mandatory in nature and as such must contain all the elements necessary to sustain the defense of contributory negligence. The definition of a mandatory instruction was set out in the case of *Perry* v. *Goss* (1970), 253 Ind. 603, 255 N.E.2d 923, as follows:

"A mandatory instruction is one in which there is an attempt to set out certain facts upon which the jury is directed to reach a certain result."

An examination of Instruction No. 3 discloses that the instruction is mandatory in nature but all of the requisite ele-

ments of contributory negligence are sufficiently included. While mandatory instructions are not looked upon with favor it is not per se reversible error to give a mandatory instruction and we find no prejudice in the giving of Instruction No. 3 on this basis. *Perry* v. *Goss, supra.*

Chamberlain also contends that Instruction No. 3 is erroneous by use of the phrase "proximate cause of the accident." This phrase is not an element of contributory negligence and Chamberlain contends that the use of the word "accident" instead of "injury" is misleading and is in conflict with other instructions which correctly set out the elements of contributory negligence.

In the case of *Taylor* v. *Indiana Bell* (1970), 147 Ind. App. 507, 262 N.E.2d 399, this court held that the requisite elements of an action for negligence are a duty, breach of that duty, and injury as a consequence of the breach. These elements are applicable to the defense of contributory negligence as well. Thus, the instruction is technically erroneous when it speaks of the "proximate cause of the *accident.*"

No case has been cited to this court in which it has been held to be reversible error to use the phrase in question. Indeed, a similar phrase was used in an instruction discussed in the case of *Jessop* v. *Werner Transportation Co.* (1970), 147 Ind. App. 408, 261 N.E.2d 598. Although a different objection was at issue in *Jessop, supra,* the court held that there was no error in the giving of the instruction. In the case at bar we cannot perceive how the jury was confused or misled by the reference to the "accident" rather than the "injury". The facts of this case show that the injury and the accident are inseparable in that both happened at exactly the same time as the result of the conduct of Chamberlain. Thus, we can find no prejudice to the appellant by use of the phrase in question and any error in the use of this phrase would certainly be harmless. See also *Highshew* v. *Kushto* (1956), 126 Ind. App. 584, 131 N.E.2d 652.

The next objection to Instruction No. 3 is that the instruction uses the phrase *"the* proximate cause" which would lead the jury into believing that there was only one or a sole proximate cause of the injury. This alleged defect is based on the premise that the conduct of both parties can contribute to the injury while the phrase "the proximate cause" imports that there is only one proximate cause.

Appellee contends, and we must agree, that this argument is merely one of semantics. The instruction indicates that it is the failure of one party which *contributed* to the proximate cause of the accident that will relieve liability, thus the jury was sufficiently informed by the instruction as to the possibility of more than one proximate cause. We can see absolutely no error in the use of the phrase "the proximate cause". See, *David Johnson Co., Inc.* v. *Basile* (1964), 136 Ind. App. 611, 199 N.E.2d 478.

Chamberlain next contends that the use of the term "accident" is misleading and confusing to a lay jury and that such use is per se reversible error. Appellant relies on cases involving "mere accident" instructions to support his argument. These cases are not in point in that Instruction No. 3 is not in any manner a mere accident instruction. Other cases have discussed instructions in which the term "accident" was used and have found no error. *Jessop, supra; Perry, supra.*

An examination of Instruction No. 3 does not disclose any prejudice to appellant by use of the term "accident".

We must at this point express our opinion on the use of the term "accident" in an instruction. The term "accident" is subject to many interpretations, one of which is that there is no fault by either party. While the use of this term is not per se reversible error there are many instances when error can be committed by the use of this term, either by itself or in conjunction with other words (e.g., pure accident instructions). It is our opinion that the use of the term "accident" will almost always raise some question as to its applicability to the case and the courts will be required to repeatedly discuss the merits

of this term on a case by case basis. Parties, lawyers, judges, and juries would certainly benefit from a discontinuance of the use of this term in instructions. There are in most cases other words which are more applicable and more descriptive than the word "accident" and we would strongly suggest that other words be used in instructions in place of the term "accident."

The final objection to Instruction No. 3 is that said instruction failed to negative five of the seven allegations of negligence as alleged in Chamberlain's complaint. Chamberlain relies on the case of *Snow* v. *Sutton* (1960), 241 Ind. 364, 170 N.E.2d 816, where it was held to be reversible error to give a mandatory instruction on one specification of negligence which did not negate other such allegations.

It is our opinion that Chamberlain's reliance on *Snow, supra,* is misplaced. The instruction in *Snow* was not based on contributory negligence but, rather, concentrated on one of the allegations of negligence in the complaint and instructed the jury that should they find that the facts did not support the one allegation of negligence, then the plaintiff could not recover. The instruction in *Snow,* in effect, limited the issues in that case to one of the allegations of negligence and eliminated the other three allegations. The court in *Snow* correctly held that this was improper. In the case at bar we have an instruction based upon contributory negligence rather than negligence. The defense of contributory negligence is not dependent upon any negligence of the defendant in the case but rather is a complete defense in Indiana if the plaintiff was negligent, and such negligence proximately contributed to the injury. Thus, it is totally unnecessary for the mandatory instruction on contributory negligence to negate any or all of the allegations in the complaint. It is only necessary that the instruction set out the elements of contributory negligence and this was done in the case at bar.

For the above reasons we hold that no error was committed in giving appellee's Instruction No. 3 to the jury.

The second issue in this appeal is whether the trial court committed reversible error when it gave to the jury appellee's Instruction No. 4, which reads as follows, to-wit:

"You are instructed that you are not obliged to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or for other reasons sufficient to you, that such testimony is not worthy of belief."

The principal objection to this instruction relates to the phrase "or for other reasons sufficient to you." Chamberlain contends that this phrase in the instruction would permit the jury to arbitrarily reject or refuse to consider the testimony of any witness and would open the door to bias, prejudice, sympathy, or other idiosyncrasies. Further, Chamberlain argues that Instruction No. 4 is in direct conflict with the court's Instruction No. 5 which is a general instruction dealing with the duty of the jury to reconcile conflicts in the evidence. Instruction No. 5 also generally instructs the jury on their duty to weigh the evidence and give credit to the testimony in light of their experience in the ordinary affairs of life.

Chamberlain relies on the case of *Indianapolis Traction and Terminal Co.* v. *Taylor* (1914), 55 Ind. App. 309, 103 N.E. 815. In *Taylor,* an instruction was tendered relating to the opinions of expert witnesses and the consideration to be given to the same by the jury. The jury was instructed that it could reject such testimony based on all of the evidence if they so chose. In *Taylor,* the court generally discussed this issue as follows:

"A court should not by its instructions give jurors to understand that they have a right to reject the testimony of a witness simply because they think they ought to do so. The jurors might take such an instruction as a warrant to reject testimony regardless of its truth, if such testimony stood in the way of a verdict which their sympathies prompted them to return. . . ." 55 Ind. App. at 314.

It must be noted that the court in *Taylor* found that the instruction in that case did not permit the jury to arbitrarily reject testimony. Indeed, the same instruction that was dis-

cussed in *Taylor* was raised to the Supreme Court in *Nordyke and Marmon Co.* v. *Whitehead* (1914), 183 Ind. 7, 106 N.E. 867, and the instruction was held to be proper to give to the jury. It is our opinion that Instruction No. 4 will not allow the jury to disregard testimony arbitrarily. This instruction must be read in context with the other instructions given by the trial court. We have examined all of the instructions and find that the trial court quite properly instructed the jury on their duty to weigh the evidence and to give credit to testimony, their duty to resolve conflicts in the evidence wherever possible, and their duty to base their decision upon a consideration of all of the evidence in the case. Instruction No. 4 must be read in context with all of the instructions and not singled out by itself. In *Perry* v. *Goss, supra,* Justice Arterburn stated as follows:

> "The general principal is that all instructions given in a trial must be read together and that each instruction need not redefine each word or legal proposition therein." 253 Ind. at 606.

It is our opinion that the jury was properly instructed on this issue and that no error was committed in the giving of Instruction No. 4.

The third issue in this appeal is whether the trial court erred in giving to the jury defendant's Instruction No. 5 which reads as follows, to-wit:

> "The Court has permitted opinion testimony in this case from psychiatrists and a psychologist, for the consideration of the jury. The opinions of such witnesses are not admitted for the purpose of controlling the judgment of the jury, but are to be considered for what they are worth in the jury's opinion when considered with the other evidence in the case. If you think from all the evidence in the case that you ought to reject the testimony of such witnesses or any of them, you have the right to do so."

Chamberlain contends that this instruction singles out Dr. Clare, the psychologist called on behalf of plaintiff, and permitted the jury to disregard his testimony. Chamberlain also argues that Instruction No. 5 is in conflict with other

instructions given by the trial court informing the jurors of the factors to be taken into consideration in viewing the weight and credibility of the testimony and the witnesses.

An examination of Instruction No. 5 does not disclose to this court any inference which would single out the testimony of any particular witness. The instruction allows the jury to "reject the testimony of such witnesses or any of them" and we fail to see how this language could be construed as pointing toward any single witness.

Chamberlain has argued that Instruction No. 5 is erroneous in that it allows the jury to reject the testimony of expert witnesses if they so choose after viewing all the evidence. In *Nordyke, supra,* an instruction which is almost a verbatim statement of the instruction in question in the case at bar was given, including the following sentence:

". . . If you think from all the evidence in the case that you ought to reject the testimony of the expert witnesses or any of them, you have the right to do so."

The Supreme Court examined this sentence and held as follows:

". . . Appellant singles out the last sentence of this instruction and urges that it tends to discredit expert testimony and gave to the jury the right arbitrarily to reject the testimony of expert witnesses without cause or reason. If true, the instruction applies equally to the expert testimony offered by appellee as well as that of appellant, but a reading of the instruction as a whole is sufficient to show the fallacy of appellant's contention. The jury is instructed to consider all the evidence given in the cause and then to determine what evidence is entitled to the greater consideration. This is the law. *Winklebleck* v. *Winklebleck* (1903), 160 Ind. 570; *Goodwin* v. *State* (1884), 96 Ind. 550, 561."

Thus, it is our opinion that Instruction No. 5 is a correct statement of the law and does not conflict with other instructions given to the jury concerning the weight and credit to be given to testimony. No error was committed in the giving of Instruction No. 5.

The final issue in this appeal is whether the trial court

erred in giving appellee's Instruction No. 8, which reads in pertinent part as follows:

"You are instructed that should you find that the plaintiffs are entitled to recover, you are not to award damages for any injury or condition from which the plaintiffs may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the accident in question.
* * *"

The sole contention raised by Chamberlain refers to the term "accident" wherein he again contends that the use of the term connotes that the injury may have been the fault of neither party. As in the objection to Instruction No. 3, Chamberlain relies on "pure accident" cases in support of his argument. We have heretofore held that no error was committed by using the term "accident" rather than "injury" and said discussion is applicable and determinative of this specification of error.

Further, it must be noted that the jury found against Chamberlain on the issue of liability and thus any error in the giving of an instruction on damages would necessarily be harmless *Kosanovic* v. *Ivey* (1968), 142 Ind. App. 481, 235 N.E.2d 501; *Adkins* v. *Poparad* (1943), 222 Ind. 16, 51 N.E.2d 476.

No error was committed in the giving of appellee's Instruction No. 8.

Finding no reversible error the judgment of the trial court is hereby affirmed.

Robertson, C.J. and Lybrook, J., concur.