**Geoffrey KROLL and Gerald Kroll, Plaintiffs-Appellants,**

v.

**Foster BELL, Defendant-Appellee.**

**No. 1–680A150.**

Court of Appeals of Indiana, First District.

March 30, 1982.

Louis Buddy Yosha, Indianapolis, for plaintiffs-appellants.

H. William Irwin, Richard L. Fairchild, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for defendant-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF CASE

Geoffrey Kroll, a minor, and his father, Gerald Kroll, appeal from a negative verdict and judgment on their claim for damages against Foster Bell. We affirm.

## FACTS

Geoffrey was seriously injured as a result of a collision between the motorcycle he was driving and a pick up truck driven by Bell. Bell was travelling north along Pendleton Pike in Indianapolis at approximately 40–50 miles per hour and did not see Geoffrey until the motorcycle was in front of him. Bell immediately applied his brakes which held until the point of impact at which time they went to the floor. At impact Bell's truck was travelling at about 40 miles per hour.

Geoffrey claimed that he had stopped at the stop sign on 65th Street going east and then inched his way forward onto Pendleton Pike. He did not see any vehicle coming from his right until he was on the highway. Steven Jerge was travelling north on Pendleton Pike and had just about caught up with Bell when he noticed Geoffrey's motorcycle travelling along 65th Street. Jerge said that the motorcycle did not stop for the stop sign and proceeded into the intersection in front of Bell's truck.

As a result of the collision Geoffrey suffered serious personal injuries, including the amputation of his right foot. Geoffrey and his father brought the instant action to recover damages. The jury returned a verdict in favor of Bell.

## ISSUES

The Krolls contend the trial court erred in two respects, (1) by failing to give their tendered instruction number 6 concerning comparative fault and (2) by modifying their tendered instruction number 1 concerning a duty upon motorists to reduce speed at intersections.

1. We note that at least the writing judge on this court has taken a position in favor of comparative fault where that issue was proper-

## DISCUSSION AND DECISION

*Issue One*

The Krolls argue that the trial court erred in refusing their tendered instruction number 6 which reads as follows:

"The Court instructs you that the plaintiff in this case may recover damages against the defendant based upon the degree of negligent conduct of each party.

You are instructed that if you find from a preponderance of the evidence that the conduct of the parties was in whole or in part negligent and that the negligent conduct of the parties was the proximate cause of the plaintiff's damage, if any, then you must determine the degree of responsibility of the parties for said negligence.

If you find by a fair preponderance of the evidence that the defendant was equally responsible or more responsible than the plaintiff for the negligence, if any, in this case then you may find for the plaintiff and against the defendant and that the recovery of the plaintiff may be apportioned according to the degree of negligence of the defendant."

Record at 132. The Krolls, however, failed to preserve error on this issue, and we are unable to review the merit of their position.[1] First, the Krolls tendered inconsistent instructions. Not only did they tender instruction number 6 on comparative fault but they also tendered instructions numbered 5 and 8 on contributory negligence. By tendering contradictory instructions the Krolls were inviting the court to commit error. It is reversible error to give contradictory instructions. *Hainey v. Zink*, (1979) Ind.App., 394 N.E.2d 238, *trans. denied.* One may not claim as error the giving of an instruction the essence of which he has tendered to the court. *Lamb v. York*, (1969) 252 Ind. 252, 247 N.E.2d 197. In order to

ly before him. *See Jines v. Roberts*, (Filed March 29, 1982) Ind.App. No. 1–1081–A–308, (Ratliff, P. J., dissenting).

claim error for failure to give an instruction on comparative fault the Krolls should not have tendered a contradictory instruction on contributory negligence.

■ Second, the Krolls failed to include in their motion to correct errors any specific grounds for error on this issue. The only error alleged with respect to the issue of comparative fault in the Krolls' motion to correct error was that the court failed to give their tendered instruction number 6. The Krolls attempted to rectify this problem by filing a brief in support of their motion to correct errors. However, though the motion to correct errors was timely filed (February 1, 1980), the brief was not filed until ninety-one days (March 7, 1980) after the judgment had been entered (December 6, 1979). While a motion to correct errors may be amended or supplemented before the running of the sixty day period specified in Ind. Rules of Procedure, Trial Rule 59, it may not be amended or supplemented thereafter. *VerHulst v. Hoffman*, (1972) 153 Ind.App. 64, 286 N.E.2d 214, *trans. denied*. Where issues asserted in a motion to correct errors are not stated with specificity they are deemed waived on appeal. *Spivey v. State*, (1971) 257 Ind. 257, 274 N.E.2d 227; *LaFary v. State Farm Mutual Auto Insurance Co.*, (1975) 166 Ind. App. 279, 335 N.E.2d 242. We must hold, therefore, that the Krolls have failed to preserve the issue of comparative fault for review on appeal.

*Issue Two*

■ The Krolls argue that the trial court erred in modifying their tendered instruction number 1 by deleting sub-section (c) of Ind. Code 9–4–1–57. Krolls' tendered instruction number 1 reads as follows:

"The following statutes of the State of Indiana were in force at the time of the collision in question. Which provided in part as follows:

'*Burn's Indiana Statutes Annotated*

9–4–1–57. Speed Regulations.—(a) No person shall drive a vehicle on a highway at a speed greater than is reasona-

ble and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so restricted as may be necessary to avoid colliding with any person, or vehicle or other conveyance on or near, or entering a highway in compliance with legal requirements and with the duty of all persons to use due care.'

'9–4–1–57. Speed Regulations.—(c) The driver of every vehicle shall, consistent with the requirements in paragraph (a), drive at an appropriate reduced speed when approaching and crossing an intersection . . . . and when special hazard exists with respect to other traffic or highway conditions.'

"If you find from a preponderance of the evidence that the Defendant, Foster Bell, violated any of the provisions of this statute on the occasion in question and the violation was without excuse or justification, such conduct would constitute negligence on the part of the Defendant, Foster Bell."

Record at 123. The court read the instruction, modified by deleting sub-section (c), to the jury. However, the Krolls failed to object at trial to the court's modification of the tendered instruction. Failure to object to the modification of a tendered instruction waives the right to object to such modification as error on appeal. *American Optical Co. v. Weidenhamer*, (1980) Ind.App., 404 N.E.2d 606, (trans. pending); *Kosanovic v. Ivey*, (1968) 142 Ind.App. 481, 235 N.E.2d 501.

Judgment affirmed.

NEAL and ROBERTSON, JJ., concur.