PERRY *v.* GOSS

[No. 370S51. Filed March 6, 1970.]

*John F. Townsend, Jr., Townsend and Townsend,* of Indianapolis, for appellant.

*James E. Rocap, Jr., John A. Young, Rocap, Rocap, Reece & Young,* of Indianapolis, for appellees.

## ON PETITION TO TRANSFER

ARTERBURN, J.—This matter comes to us for consideration on a petition to transfer the cause from the Appellate Court (See 252 N. E. 2d 252). The Appellate Court's opinion reversed the trial court for the giving of certain instructions. The giving of said instructions was found to be in error. The case is one for personal injuries sustained by a pedestrian while attempting to cross Minnesota Street at the intersection of Minnesota and Laurel in the City of Indianapolis. A trial to the jury resulted in a verdict in favor of the appellees. We

are concerned mainly with alleged errors relating to the instructions. The first instruction complained of is instruction No. 5, which reads as follows:

"Instruction No. 5

The burden on the question of contributory negligence in actions for personal injuries and for damages to property, rests upon the defending party. 'Contributory negligence on the part of the Plaintiff must be established by a fair preponderance of the evidence; but if all the evidence, whether introduced on the part of the Plaintiff or the Defendant, should establish the fact of contributory negligence on the Plaintiff's part it would avail the defending party and prevent the Plaintiff from recovering.' "

The appellant-plaintiff objected to this instruction for the reason first, that it is mandatory in nature and omits essential elements therein, to wit: it fails to define contributory negligence because the word proximate is omitted therefrom. A mandatory instruction is one in which there is an attempt to set out certain facts upon which the jury is directed to reach a certain result. Although mandatory instructions are not necessarily bad, we look with disfavor upon their use because of the risk involved in making a statement of the evidentiary facts under which the law would mandate a certain result. *White* v. *Evansville American Legion Home Association* (1965), 247 Ind. 69, 210 N. E. 2d 845. Instructions which are mandatory in character, which attempt to set up a factual situation directing the jury to a certain result, are to be distinguished from instructions which merely state propositions of law without incorporating a factual situation, as for example telling the jury that if contributory negligence exists, the plaintiff is not entitled to recover. In the latter case, the court is merely stating propositions of law not based upon a detailed factual situation. In order to properly instruct a jury it is necessary that the court state general propositions of law and their application to the case. Instruction No. 5

before us does not set up a detailed factual situation and then instruct the jury they must come to a certain result either for or against the plaintiff. Instruction No. 5 in fact attempts to state a proposition of law which is applicable when contributory negligence appears in the picture. This instruction has the general characteristics of ordinary instructions given by the court based upon legal principles. In our opinion this instruction is not to be condemned on the ground that it falls within the category known as mandatory instructions which attempt to set out detailed factual situations.

We next consider the instruction under the contention that it does not adequately describe contributory negligence because there is omitted therefrom the element of proximate cause. Of course the same contention could be made to the use of the word negligence itself in any instruction unless at all times the adjective "proximate" was used in connection therewith since it is only "proximate" negligence that creates any liability in the law. Appellant's contention can not stand. The general principle is that all instructions given in a trial must be read together and that each instruction need not redefine each word or legal proposition therein. Therefore, when negligence or contributory negligence is used in an instruction and it has previously been properly defined, it is not necessary that each time it be used in a subsequent instruction that the entire definition be reincorporated in that instruction separately. We find that in instruction No. 2 given by the court, not only is negligence correctly defined, but we also notice that in instruction No. 2 contributory negligence is defined to wit: "negligence on that part of the plaintiff contributing approximately to the injuries charged in his complaint is called contributory negligence. The effect of contributory negligence, if found, is to defeat recovery." We find that contributory negligence is used in instruction 5 in the context in which it is defined in instruction No. 2. Instructions, it is said, must be read as a whole and not each independently and separately. Failure to state

the entire law in each instruction is not error, 28 I.L.E. *Trial* § 272, p. 266. We find no error in the giving of instruction No. 5.

The next contention by appellant is that instruction No. 4 in substance informs the jury that appellant cannot recover where a "mere accident" occurs. Instruction No. 4 reads as follows:

"Instruction No. 4

The negligence charged in the Complaint is not to be presumed from the happenings of the accident in question and the consequent personal injuries to the Plaintiff and damage to the Plaintiff's personal property as the result thereof, but it must be proven, and in order to recover, the evidence must be sufficient to establish by a fair preponderance, that the negligence causing the damage complained of was that charged in the Complaint against the Defendant."

It will be noted that instruction does not use the words "mere accident" at any place. The appellant merely urges that it has the same substance and effect as if so stated. With this we cannot agree. The instruction in fact is one relating to burden of proof. Appellant cites the case *Miller* v. *Alvey* (1965), 246 Ind. 560, 207 N. E. 2d 633, in support of their position. An examination of that case shows that the court there, in an instruction, used the words "a pure accident" and attempted to define the same. We do not have that type of instructions for consideration here. In fact *Miller, supra,* to some extent supports the giving of the instruction in question. That case at one point states in substance that if the jury was unable to determine from a fair preponderance of the evidence just what was the proximate cause of the collision or the accident or injuries described in the complaint, the verdict should be for the defendant. The instruction was not erroneous and did not in any way prejudice the appellant.

The appellant next claims error in the giving of instructions 6 and 9, on the ground that they were to some extent repiti-

tious and overlapping. We need not set the instructions out. They point out under different situations the duty of a pedestrian to use care to keep alert and be aware of his surroundings. Repetition to some extent in instructions is bound to occur, but that does not make them per se erroneous. It is where repetition occurs so often and so emphatically that it overly impresses the jury with some particular phase of the law or fact that it can be said that such instructions are to be condemned. We do not find that such a condition exists here nor that the instructions in this case are prejudicial. *Keeshin Motor Express Co.* v. *Glassman* (1942), 219 Ind. 538, 38 N. E. 2d 847.

In considering the instruction in this case and whether or not any one has been prejudiced we are reminded of previous statements by this court with reference to our consideration of instructions claimed to be erroneous and prejudicial. In the case of *Hendrix* v. *Harbelis* (1967), 248 Ind. 619, 230 N. E. 2d 315, we had occasion to make this statement:

> Instructing a jury is a most difficult and complex process. It is generally conceded that there has been an overemphasis placed upon the wording and refined meaning of instructions which far exceed their actual effect upon the jury. When an instruction has to be read and reread by a legally trained mind to catch a slight variation or error in its meaning, it is difficult to believe that a jury of laymen could have been misled. Words are mere signs or symbols of meaning and thought, which are never exact. We strive with inexact tools to work out refinements and precise lines in statements of thoughts and ideas, but are never able to reach exact perfection. In the writing of instructions, we are eternally confronted with attempts and failures at exactitude, and we must keep this human frailty in mind when we examine the language of instructions. *Noel* v. *State* (1966), 247 Ind. 426, 215 N. E. 2d 539, at p. 542; *White* v. *Evansville American Legion Home Ass'n* (1965), 247 Ind. 69, 210 N. E. 2d 845; *Woods* v. *State* (1957), 236 Ind. 423, 140 N. E. 2d 752.

Finally it is claimed that the trial court erred in allowing a witness, George Butler, to testify. At the outset of the trial

the defendant-appellees made a request to the court that the witnesses be separated. Witness Butler for some unknown reason did not obey this order of the court and he entered the courtroom unnoticed by the defendant-appellees. The defendant-appellees then sought to have the witness testify, which the court permitted. The appellant claims reversible error. In *Butler* v. *State* (1950), 229 Ind. 241, 97 N. E. 2d 492 we noted that the separating of witnesses at a trial is wholly in discretion of a trial court. We stated there:

> "When an order for separation is made, it is not improper to permit the prosecuting witness to be present during the examination of other witnesses. If the order is violated it is within the discretion of the court to let the witness testify."

No showing is made here that the appellee was responsible for this disobedience of the order of the court by the witness. A party who is without fault shall not be deprived of the testimony of a witness because such witness disobeyed an order of the court directing the witnesses to be separated. This is a matter of discretion of the court.

For the reason stated the petition to transfer is granted and the judgment of the trial court is affirmed.

Hunter, C.J., and Givan, J., concur. Jackson and DeBruler, JJ., concur in result.

NOTE.—Reported in 255 N. E. 2d 923.