DONALD W. REELY, EXECUTOR OF THE ESTATE OF HENRY D. THRONEBURG, DECEASED *v.* APPLEGATE ELEVATOR COMPANY, INC. AND FAIRHALL ELEVATOR, INC.

[No. 572A231. Filed November 21, 1972. Rehearing Denied January 4, 1973.]

*Thomas H. Hicks, Mann, Mann, Chaney, Johnson & Hicks,* of Terre Haute, *George N. Craig, Craig and Craig,* of Brazil, for appellant.

*Kenneth C. Miller, Miller & Miller, John M. Baumunk,* of Brazil, *James E. Sullivan, Cox, Zwerner, Gambill & Sullivan,* of Terre Haute, for appellee.

LOWDERMILK, J.—This appeal is from a jury's verdict and judgment thereon in favor of the defendants-appellees herein. The issues herein are on the giving of instructions to the jury only.

The plaintiff-appellant is the executor of the estate of his decedent, who was an employee of Alden's Department Store in Terre Haute, Indiana, and was killed on November 21, 1968, when he fell into an elevator shaft at the aforementioned store. The elevator was an older model, operated by hand control and had no rubber safety edges on the inner doors and would not automatically re-open upon striking a solid object.

The decedent, prior to his death, frequently over a period of months engaged in "horseplay" with the elevator operator whereby the decedent would attempt to delay the movement of the elevator by inserting his hand between the electric

power operated center closing evelator doors. The operator did not close the doors because of such "horseplay" so that she would avoid catching the decedent between the doors and she was thereby delayed in her work of operating the elevator. On the day the decedent was killed he was on the fourth floor of the building where he worked; he placed his foot between the elevator doors so the operator could not close them and proceed with her duties. There was a passenger on the elevator who was going up and who had been detained about three minutes by the "horseplay" of the decedent. The operator told him three times to remove his foot and leg as she had to take her only passenger to another floor. This he refused to do and the operator finally caused the doors to close and the decedent's foot and leg were caught between the closed doors.

The operator's evidence in her conditional examination and as given at the trial was conflicting and confusing as to whether she opened the door by means of the manual operating equipment on the elevator or activated safety switches. However, the evidence is that the operator, after seeing the decedent's foot caught inside the elevator with the doors closed, immediately re-opened the doors but the elevator had moved upward about four feet. The decedent could be seen by the passenger inside the elevator at the time the doors closed and in an instant thereafter he could not be seen by said passenger and could not be seen by the passenger when the doors opened and his foot and leg immediately went from the inside of the elevator when the pressure of the doors was released and somehow, after the release, the decedent fell down the elevator shaft to his death, with no known witnesses to this fall.

Plaintiff-appellant alleged separate and several acts of negligence on the part of the defendants-appellees, who had overlapping maintenance and inspection contracts for the elevator in question.

The defendant-appellee, Fairhall, presented evidence that it

had been denied the opportunity to commence its service contract on the elevator in question due to the fact that defendant-appellee, Applegate's service contract did not terminate until November 22, 1968. The evidence was further that the custom of the elevator servicing industry was that thirty days notice be given to a servicing company before its contract can be terminated. Written notice of termination was forwarded to defendant-appellee, Applegate, by Aldens, who owned the elevator, on October 22, 1968. The evidence was uncontradicted that defendant-appellee, Fairhall, had no opportunity to inspect the elevator in question prior to the accident and maintenance and service of the elevator had been retained by defendant-appellee, Applegate, to and including November 22, 1968.

Defendants-appellees, Applegate Elevator Company and Fairhall Elevator, Inc. will be henceforth referred to in this opinion as "Applegate" and "Fairhall." Both appellees filed briefs in this appeal and both briefs point out that plaintiff-appellant failed to specifically set out in his brief those portions of his motion to correct errors which he is arguing to this court, in violation of Rule AP. 8.3(A)(7) and appellees contend all errors not so set out are waived. Although appellees are technically correct we will not deny the appellant his day in court, as we are able to ascertain from his brief the nature and substance of his arguments. While it is imperative that we have rules of Appellate Procedure and these rules should be followed as closely as possible, this court prefers to decide each case on its merits rather than on technical problems in the briefs.

In the case of *Willsey* v. *Hartman* (1971) 149 Ind. App. 5, 269 N.E.2d 172, 178, this court overruled the appellees' motion to dismiss the appeal which did not comply with the old Supreme Court Rule 2-17, which has now been replaced by Supreme Court Rule AP. 8.3. In that case it was contended the appellant had failed to comply with Rule 2-17(a), now Rule AP. 8.3(A). This court said:

"Taking the Appellants' Brief as a whole, instead of focusing on each individual section separately, the substance of the motion for a new trial, the sole assigned error, is fully presented, at least, in so far as the specifications urged by the Appellants in their brief. It is true that the Motion for a New Trial is not fully set out verbatim in any one spot in the Brief, but the substance thereof is adequately presented by reading the Brief as a whole and there is no need to search the record to find error, the primary reason for finding any brief insufficient."

The court, in discussing the problem further under Rule AP. 8.3(A)(7) determined that the Rule should be interpreted liberally so that a case could be determined on its merits wherever possible. See, also, *Lloyd* v. *Weimert* (1970), 146 Ind. App. 666, 257 N.E.2d 851; *Cato* v. *Fine* (1971), 149 Ind. App. 163, 271 N.E.2d 146; *Scott* v. *Krueger* (1972), 151 Ind. App. 479, 280 N.E.2d 336.

Plaintiff-appellant states in his brief that there are four issues to be decided:

"1. Was it error for the court to give seven mandatory instructions: Court's instructions 8 and 10, Defendant Applegate's instructions 3, 4, and 7, and Defendant Fairhall's instructions 1, 6, 8 and 10?[1]

"2. Was it error for the court to give repetitious mandatory instructions on the issue of contributory negligence on the part of plaintiff's decedent, (Court's instruction 8, and Defendant Applegate's Instruction 3); and repetitious mandatory instructions on the issue of assumption of risk by Plaintiff's decedent?

"3. In the absence of evidence that Plaintiff's decedent had knowledge of any risk involved in preventing the doors from closing with his foot, were the court's instruc-

---

1. We note that Issue 1 specifies seven mandatory instructions but lists nine instructions. The Court's instruction number 8 probably should not have been included as it was not mentioned in the motion to correct errors. Fairhall's instruction number 8 is also listed, but we find that the trial court refused to give said instruction. Thus, we assume plaintiff-appellant, Reely, finds fault only with the Court's instruction 10, Applegate's instructions 3, 4 and 7 and Fairhall's instructions 1, 6, and 10. Court's instruction 8 will not be considered by this court as it was not mentioned in the motion to correct errors; Fairhall's instruction 8 will not be considered for the reason that it was refused by the court and not given to the jury.

tions 9 and 10 and Defendant Fairhall's instruction 1, on assumption of risk applicable to the evidence?

"4. Was it error for the court to give undue emphasis to its seven mandatory instructions against the Plaintiff by re-reading the instructions to the jury?"

Appellant has grouped issues 1, 2 and 4 in his argument and we shall treat the issues in a similar fashion in this opinion. However, issue 4 was not argued in appellant's original brief nor in his reply brief and no authorities were cited to support his contention. Thus, issue 4 must be deemed waived. Rule AP. 8.3(A)(7).

The questions raised center upon whether the court's instructions were mandatory and whether they were repetitious. Appellant contends that the remaining seven instructions enumerated in issue 1 are all mandatory and are repetitious. Appellant cites *White* v. *Evansville American Legion Home Association* (1965), 247 Ind. 69, 210 N.E.2d 845, wherein the Supreme Court reversed on the basis of erroneous instructions. The appellant, in *White, supra,* claimed that the jury had been brainwashed by a multitude of mandatory instructions (eighteen in all) which said, in substance, that the plaintiff could not recover. The court, while not reversing on this ground, stated as follows:

"Mandatory instructions are not the best type of instructions to give to a jury. The jury can very easily conclude that the trial judge, for whom a jury has a great deal of respect, is urging them repeatedly to return a verdict for one of the parties. . . .

\* \* \*

"It is our opinion that a court should reluctantly give a mandatory instruction and the tendering of such instructions by a party should be avoided. . . ."

This court is in complete agreement with the above quoted language. However, we note that the Supreme Court did not say that it would be reversible error to give mandatory instructions. In our opinion the instructions given in the case

at bar were not mandatory nor were they so prejudicial as to deny the plaintiff a fair trial.

Plaintiff-appellant has not challenged the instructions on the basis that they contained incorrect statements of law. Appellant contends that said instructions were prejudicial because they were mandatory and repetitious.

Appellee, Fairhall, contends that the instructions in question were not mandatory and urges that the test enunciated in *Perry* v. *Goss* (1970), 253 Ind. 603, 255 N.E.2d 923, be used. In *Perry*, our Supreme Court defined a mandatory instruction as follows:

> ". . . A mandatory instruction is one in which there is an attempt to set out certain facts upon which the jury is directed to reach a certain result.
>
> * * *
>
> "Instructions which are mandatory in character, which attempt to set up a factual situation directing the jury to a certain result, are to be distinguished from instructions which merely state propositions of law without incorporating a factual situation, as for example telling the jury that if contributory negligence exists, the plaintiff is not entitled to recover. . . ."

The appellant files written objections to the court's instruction number 10 for the reason that there is no evidence from which the trier of the facts can infer that plaintiff's decedent knew of the danger to which he was exposing himself. In his brief he argues that instruction number 10 should not have been given for the reason that it is mandatory. This written objection is not adequate to save his question. However, he also filed a blanket objection and exceptions to the court's charge as a whole which included the court's final instruction number 10 and also the court's final instruction number 9 for the reason that each is mandatory.

In the blanket objection plaintiff-appellant also objects to the giving of Applegate's number 3 and Fairhall's number 1 as being practically exact repetition of the court's 7 and 8,

in the case of Applegate's 3 and the court's 9 and 10 and in the case of Fairhall's number 1.

He has further written objections directed to instructions 7 and 8 for the reason that they are mandatory and defendant Applegate's number 4 for the reason it is mandatory and a repetition of defendant Applegate's instruction number 2 and is one of seven mandatory instructions against the plaintiff.

He objects further to Applegate's number 7 for the reason that it is mandatory and that there is no possible way a trier of fact could find that this accident occurred through the sole negligence of some third person.

He further objects to Fairhall's tendered instruction number 6 for the reason that it is mandatory and for the further reason it inserts an issue into the case of whether or not defendant Fairhall "undertook" the service of said elevator; that the trier of fact may well find defendant Fairhall had an obligation to service said elevator from and after November 1, 1968, and that whether Fairhall undertook to perform that duty could not be the basis of allowing it to escape said duty.

Plaintiff-appellant further objects to Fairhall's tendered instruction number 10 for the reason it is mandatory and negative and is one of the seven mandatory instructions which the court indicated it would give.

In the court's final instruction number 10 it informs the jury that the burden of proving that plaintiff incurred the risk of injury is on the defendant; and if the jury finds by a preponderance of the evidence the defendants has failed to sustain that burden, his defense of incurred risk must fail. Further, it is stated:

". . . If, however, you find by a preponderance of the evidence that plaintiff did incur the risk of injury, as that term is defined in these instructions, plaintiff cannot recover."

Defendant Applegate's instruction number 3 defines contributory negligence; the burden of proving contributory negligence on the part of plaintiff's decedent was upon the defendants in this case; it is not necessary for the plaintiff to prove want of contributory negligence on the part of his decedent in order to recover in this action; contributory negligence is an offense, and further says:

". . . Yet, if all of the evidence in this case, whether introduced by the Plaintiff or the Defendants or either of them shows by a fair preponderance that Plaintiff's Decedent was guilty of negligence contributing to his death, the Plaintiff in this case cannot recover."

Applegate's instruction number 4 defines an intervening cause and instructs the jury that if from all the evidence ". . . the death of Plaintiff's Decedent was proximately caused by a third party and that the negligence, if any, of the Defendants, or either of them, did not proximately cause or contribute to cause the death of Plaintiff's Decedent, then the Plaintiff is not entitled to recover from the Defendants or either of them."

Defendant Applegate's instruction number 7 told the jury that if it found from a fair preponderance of all the evidence that the sole proximate cause of the fatal injuries to plaintiff's decedent was:

". . . careless and negligent conduct on the part of some third person not a party to this action, then I instruct you that Plaintiff cannot recover in this case, and your verdict should be for the Defendants."

Defendant Fairhall's instruction number 1 states:

"When a person knows of a danger, understands the risk involved and voluntarily exposes himself to such danger, that person is said to have 'assumed or incurred the risk' of injury.

"In determining whether the plaintiff, Henry D. Throneburg, assumed or incurred the risk, you may consider the experience and understanding of the plaintiff; whether

the plaintiff knew or should have known the hazards inherent in placing his foot in front of the elevator doors which were in the process of closing; and whether a person of ordinary prudence, under the circumstances, would have removed his foot from the elevator doors and would have then and there abandoned his course of conduct.

"If you find by a preponderance of the evidence that plaintiff did assume or incur the risk of injury, as that term is defined in this instruction, plaintiff cannot recover."

Defendant Fairhall's instruction number 6 tells the jury that if it finds that Fairhall was not under a contractual or legal obligation to service and maintain the elevator in question prior to the accident and if they further find that Fairhall did not undertake the service of said elevator prior to the accident "then your verdict as to the defendant, Fairhall Elevator, Inc. must be for the defendant against the plaintiff."

Defendant Fairhall's tendered instruction number 10 instructs the jury that Fairhill was not charged with the negligence, if any, of the employees or agents of Applegate or the elevator operator (Mrs. Gladys Mason), and that if they find by a preponderance of the evidence that the injuries complained of were proximately caused solely by the:

". . . employees or agents of Applegate Elevator Company, Inc. or by Mrs. Gladys Mason, the elevator operator, or solely by the combined negligence of both, without fault on the part of Fairhall Elevator, Inc., then you cannot award damages against Fairhall Elevator, Inc."

This court has set out pertinent parts of the seven instructions plaintiff-appellant charges are mandatory, setting out specifically that part of each which directs the jury to do or not to do certain things if they find certain things under the evidence.

In our opinion the seven instructions complained of as being mandatory do not fall within the definition of "mandatory" as defined by our Supreme Court and this court and the objection to each of said seven instructions as mandatory is not well taken.

Appellant cites no authority supporting his contention that certain designated instructions, in which a part of the seven hereinabove enumerated, are repetitious and therefore grounds for reversal. He has set out on authorities as required by Rule AP. 8.3(A)(7) and he is deemed to have waived his objection. However, in passing upon this case in its entirety, we have considered the repetition issue as to all instructions given the jury by the court. In this we find there is some overlapping of the instructions, but we also know that where there is more than one defendant it is oftentimes impossible to adequately and properly instruct the jury without being repetitive in some instructions.

In *Perry* v. *Goss, supra,* our Supreme Court said:

"Repetition to some extent in instructions is bound to occur, but that does not make them per se erroneous. It is where repetition occurs so often and so emphatically that it overly impresses the jury with some particular phase of the law or fact that it can be said that such instructions are to be condemned."

Applying the holding in *Perry* to the case at bar, we are unable to determine that there is any prejudice to the plaintiff by the giving of said instructions which, in some instances, did overlap but were not, in our opinion, repetitious. *Keeshin Motor Express* v. *Glassman* (1941), 219 Ind. 538, 38 N.E.2d 847.

Appellant's issue 3 contends that it was error to instruct the jury on assumed or incurred risk.

The court's instructions, wherein he instructed the jury on assumed or incurred risk, are final instructions 9 and 10. The court's final instruction number 9 is as follows:

"When a person knows of a danger, understands the risk involved and voluntarily exposes himself to such danger, that person is said to have 'incurred the risk' of injury."

The court's final instruction number 10 has heretofore been discussed and a synopsis of the same set out in this opinion.

Plaintiff-appellant complied with Rule AP. 8.3(A)(7) in that he filed written objections to the court's giving said instructions 9 and 10, which objections were that there was no evidence from which the trier of the facts could infer that plaintiff's decedent knew of the danger or risk in which he was placing himself. He further contends that one of the elements of incurred risk is knowledge on the part of the plaintiff herein of the danger. *Pfisterer* v. *Grisham* (1965), 137 Ind. App. 565, 210 N.E.2d 75.

Fairhall and Applegate contend that the "foolhardy" acts of the decedent, the decedent's prior knowledge of the elevator and its workings, and the absence of any evidence to the lack of knowledge of the decedent gave the court a basis for giving the instructions on assumed or incurred risk. The evidence as hereinabove set out substantiates defendants-appellees' contention and was sufficient, in our opinion, to warrant the giving of said instructions.

Finding no reversible error, the judgment is affirmed.

Robertson, PJ. and Lybrook, J., concur.

NOTE.—Reported at 289 N.E.2d 301.