**Gina Louise CARROLL and Albert B. Carroll, Appellants,**

v.

**STATESMAN INSURANCE COMPANY, Appellee.**

**No. 20S03–8707–CV–626.**

Supreme Court of Indiana.

July 1, 1987.

Rehearing Denied Sept. 15, 1987.

Robert J. Palmer, May, Oberfell, Helling & Lorber, South Bend, Anthony J. Iemma, Glenn E. Killoren, Elkhart, for appellants.

Peter G. Tamulonis, John B. Drummy, Kightlinger & Gray, Indianapolis, for appellee.

## CIVIL PETITION FOR TRANSFER

GIVAN, Justice.

A restaurant owned and operated by appellants was heavily damaged by a fire in April 1977. Appellee was the insurance carrier.

An investigation conducted by appellee into the cause of the fire was discontinued in September 1977. After the parties obtained independent appraisals, the matter was submitted to an umpire who fixed amounts for damage to the building, damage to the contents and damage for business interruption.

Appellee paid the umpire's award for the contents and business interruption; however, they tendered a check for less than one half of the award for the building. Appellants filed a lawsuit to recover the balance of the umpire's award and for punitive damages alleging bad faith on appellee's refusal to pay the claim. The trial court entered summary judgment for the balance of the umpire's award leaving the only issue to be tried the question of punitive damages. That trial resulted in a verdict for appellee.

The Court of Appeals, in an opinion published in 493 N.E.2d 1289, reversed the trial court as to several allegations of error. Under Ind.R.App.P. 11(B)(3), we adopt and incorporate by reference the Court of Appeals' opinion with the exception of their ruling that the exclusion of Dr. Blinder's testimony was reversible error.

Dr. Martin Blinder, a San Francisco psychiatrist, was presented by appellants for two reasons. First, he was to testify concerning alleged psychological injuries suffered by appellants as the result of appellee's refusal to immediately pay insurance proceeds. Second, he was to offer his opinion concerning the possible harm such refusal to pay could cause to society at large if that type of conduct were to recur.

Appellee objected to Dr. Blinder's testimony on the ground that it was irrelevant and highly prejudicial in a trial limited to the issue of punitive damages. The trial court sustained the objection and excluded Dr. Blinder's testimony. We hold the Court of Appeals erred in reversing the trial court in this regard.

The purpose of punitive damages is not to compensate or reward the plaintiff. It is to penalize or punish a defendant. *Orkin Exterminating Co., Inc. v. Traina* (1986), Ind., 486 N.E.2d 1019. The issue is whether the conduct of the defendant is so obdurate that it calls for an assessment of punitive damages. *Travelers Indemnity Co. v. Armstrong* (1982), Ind., 442 N.E.2d 349.

In an action for compensatory damages, where a plaintiff is to be compensated for injuries suffered, it is of course proper to show the nature and extent of the injuries; however, in punitive damages, the focus is entirely upon the conduct of the defendant. *Orkin, supra.* The trial court was correct in excluding the testimony of Dr. Blinder.

On all other issues, the Court of Appeals' opinion is correct. The cause is therefore remanded to the trial court for a new trial consistent with the opinion of the Court of Appeals and this opinion.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.